IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| SHAWN HOWARD WELLER, | CV 24-68-H-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This matter is before the Court on pro se state prisoner Shawn Howard Weller's petition seeking habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Weller is proceeding in forma pauperis. (Doc. 5.)

Weller alleged he was wrongfully denied an appearance before the Montana Board of Pardons and Parole ("the Board"), despite being parole eligible and that the Montana Supreme Court erred in determining otherwise in *Weller v. Salmonsen*, Cause No. OP 24-0505, Ord. (Mont. Sep. 17, 2024). *See generally*, (Doc. 1.) Weller requested an order directing that he appear before the Board. (*Id.* at 13.)

In the interim, Weller filed documents suggesting that the Montana Department of Corrections conceded that he was parole eligible. *See*, (Docs. 6 &

1

6-1.) It also appeared that he may have been scheduled to see the Board or had already done so. Accordingly, Weller was directed to provide more information regarding the status of his parole hearing. (Doc. 8.)

On December 16, 2024, Weller responded. (Doc. 9.) He began by raising issues that are outside of his present petition and which have already been addressed in prior proceedings of this Court. *See,* (*Id.* at 1-3.) Weller also suggested that the Montana Supreme Court's recent denial of his habeas petition relative to the parole hearing evidenced ongoing retaliation by that body that began following his 2008 conviction. (*Id.* at 3.)

Pertinent to these proceedings, Weller acknowledged that he received his parole hearing on December 11, 2024. He was denied parole and was ordered to reappear before the Board in December of 2025. (*Id.*) Weller now argues that the Board's recent denial of parole was retaliation for his insistence on proceeding to a hearing and exercising his right to due process, rather than waiving the appearance. (*Id.* at 4-5.) Weller argues that he should be released to treatment and rehabilitated and not further incarcerated. (*Id.* at 6-7.) Weller claims that he had no meaningful opportunity to address the Board nor someone to advocate on his behalf. (*Id.* at 7-8.) Weller now asks this Court to mandate the Montana State Prison and/or the Board to provide him treatment, as he is a non-violent offender serving a purportedly illegal sentence. (*Id.* at 8-9.)

2

As outlined herein, the nature of Weller's claim has evolved during these proceedings. His initial relief requested was an appearance before the Board. He now seeks this Court's intervention in placement at a chemical dependency and/or mental health treatment program. But a federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011)(per curium). In the present case, Weller has now received the parole hearing he requested; the hearing is the only remedy to which he would be entitled in these proceedings. *See Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005).

Moreover, the Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources- the Due Process Clause itself and the laws of the States." *Id.* (quotation and citation omitted). *Wilkinson v. Austin*, 545 U.S.

3

209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself, […or] from an expectation or interest created by state laws or policies.").

It is well established that there exists no substantive federal right to release on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout,* 562 U.S. at 222. With respect to parole hearings an inmate is constitutionally entitled only to an opportunity to be heard, and a statement of reasons why parole was denied. *Swarthout,* 562 U.S. at 220. Likewise, in Montana there is no state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998)(holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole); *see also* Mont. Code Ann. § 46-23-208(1) (providing the parole board *may* release a prisoner on parole when certain criteria are met). Thus, there is neither a constitutional right nor a protected liberty interest at issue in the instant case.

While Weller disagrees with the Parole Board's decision to deny him parole, he does not advance a claim that he was deprived of anything to which he was entitled. He appeared before the Board in December of 2024. The fact that he received an outcome that was not favorable to him, does not convert this matter into one of constitutional import. While it appears that Weller attempts to argue

4

that the denial was based solely upon retaliation, the Parole Board's recommendation that he participate in mental health services and complete updated chemical dependency and mental health evaluations prior to his reappearance undermines this assertion. *See*, (Doc. 9-1 at 8.) The Board also noted that the denial was also based upon Weller's: need for programming, pattern of similar offenses, nature and severity of his offenses, and a poor history on supervision. (*Id.*) In short, Weller received the minimal procedural protection required, that is the "beginning and the end of federal habeas" analysis. *Swarthout*, 562 U.S. at 220. Accordingly, Weller's petition will be denied.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Review of Weller's petition and subsequent response to this Court's order

demonstrates that he is not entitled to relief as a matter of law. He does not have a liberty interest in parole and the relief he seeks is precluded by *Swarthout*. Moreover, he has now received a parole hearing. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

### ORDER

1. Weller's petition (Doc. 1) is DISMISSED with prejudice.

2. The motions for order (Docs. 6 & 10) are DENIED as moot.

3. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 21st day of January, 2025.

Donald W. Molloy, District Judge
United States District Court